UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

VICKIE KOHLS,

                Plaintiff,                Case No. 15-11554

v                                                    Honorable Thomas L. Ludington

COMMISSIONER OF SOCIAL SECURITY,      Magistrate Judge Mona K. Majzoub

                Defendant.
_____/

**ORDER OVERRULING PLAINTIFF'S OBJECTIONS, ADOPTING THE REPORT AND RECOMMENDATION, DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT, GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, AND AFFIRMING THE DECISION OF THE COMMISSIONER**

On April 29, 2015 Plaintiff Vickie Kohls initiated the above-captioned appeal of Defendant Commissioner of Social Security's adverse benefits decision. *See* ECF No. 1. On July 7, 2016 Magistrate Judge Mona K. Majzoub issued a Report and Recommendation addressing Plaintiff Kohls's motion for summary judgment and Defendant Commissioner's motion for summary judgment. ECF Nos. 13, 18. In the report and recommendation, the magistrate judge recommends denying Plaintiff's motion for summary judgment and granting Defendant's motion for summary judgment. ECF No. 21. Plaintiff timely filed objections. ECF No. 22. Pursuant to a de novo review of the record, Plaintiff Kohls' objections will be overruled and the report and recommendation will be adopted. Plaintiff's motion for summary judgment will be denied, Defendant's motion for summary judgment will be granted, and Plaintiff's claims will be dismissed with prejudice.

**I.**

When reviewing a case under 42 U.S.C. § 405(g), the Court must affirm the Commissioner's conclusions "absent a determination that the Commissioner has failed to apply the correct legal standards or has made findings of fact unsupported by substantial evidence in the record." *Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997) (citations omitted). Substantial evidence is "such evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citation omitted).

Pursuant to Federal Rule of Civil Procedure 72, a party may object to and seek review of a Magistrate Judge's report and recommendation. See Fed. R. Civ. P. 72(b)(2). Objections must be stated with specificity. *Thomas v. Arn*, 474 U.S. 140, 151 (1985) (citation omitted). If objections are made, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). De novo review requires at least a review of the evidence before the Magistrate Judge; the Court may not act solely on the basis of a Magistrate Judge's report and recommendation. *See Hill v. Duriron Co.*, 656 F.2d 1208, 1215 (6th Cir. 1981). After reviewing the evidence, the Court is free to accept, reject, or modify the findings or recommendations of the Magistrate Judge. *See Lardie v. Birkett*, 221 F. Supp. 2d 806, 807 (E.D. Mich. 2002).

Only those objections that are specific are entitled to a de novo review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986). "The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider." *Id.* (internal quotation marks and citation omitted). A general objection, or one that merely restates the arguments previously presented, does not sufficiently identify alleged errors on the part of the magistrate judge. *See VanDiver v. Martin*, 304 F.Supp.2d 934, 937 (E.D.Mich.2004). An "objection" that does nothing more than disagree with a magistrate judge's determination,

"without explaining the source of the error," is not considered a valid objection. *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Without specific objections, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks. This duplication of time and effort wastes judicial resources rather than saving them, and runs contrary to the purposes of the Magistrate's Act." *Id.* Plaintiff Kohls now raises two objections to the magistrate judge's report and recommendation.

**A.**

In her first objection, Kohls argues that the magistrate judge erred in concluding that the ALJ sufficiently addressed Kohls's claims that her alleged disabilities met Listings 1.02 (joint disorders), 1.04 (spine disorders), 5.06 (inflammatory bowel diseases), or 9.00 (endocrine disorders). Kohls emphasizes *Reynolds v. Commissioner of Social Security,* 429 F. App'x 411 (6th Cir. 2011) for the proposition that the ALJ must actually evaluate the evidence, compare it to the relevant section, and provide an explained conclusion in order to facilitate meaningful review and meet his regulatory requirements at Step Three. *Id.* at 416. The Commissioner responds by pointing to *Sheeks v. Commissioner of Social Security,* 544 Fed. App'x 639 (6th Cir. 2013), an unpublished case in which the Sixth Circuit held that because an ALJ is not required to address every listing or "to discuss listings that the applicant clearly does not meet", an ALJ "need not discuss listings that the applicant clearly does not meet, especially when the claimant does not raise the listing before the ALJ." *Id.* at 641. To warrant discussion, the record must "raise[] a substantial question as to whether the claimant could qualify as disabled under a listing[.]" *Id.* (quoting *Abbott v. Sullivan,* 905 F.2d 918, 925 (6th Cir. 1990)).

A de novo review of the record suggests that Kohls did not raise any of the above mentioned Listings before the ALJ. *See* Tr. 96, 132-53, 176, 298-99, 346-53, 391-395.

Furthermore, in her filings to this Court Kohls does not develop any argument as to how her conditions raise a substantial question regarding whether her conditions meet or are equivalent to any of the Listings. As noted by the magistrate judge, these perfunctory arguments could be deemed waived. *See Kennedy v. Commissioner of Social Security*, 87 F. App'x 464, 466 (6th Cir. 2003).

Addressing the merits of Plaintiff's claims as to Listing 1.02, Plaintiff has not pointed to any record evidence that raises a substantial question of whether Kohls can ambulate effectively or whether she is unable to perform fine and gross movements effectively. *See* 20 C.F.R. Part 404, Subpart P, App'x 1, § 2.  Even in her filings with this Court Kohls has not pointed to any record evidence suggesting that she meets either of these two requirements. Kohls has therefore failed to establish even a "mere toehold" in the record suggesting that there is a substantial question as to whether her conditions meet or equal Listing 1.02.  *Sheeks*, 544 F. App'x at 642.

As to Listing 1.04, Plaintiff again did not raise the Listing before the ALJ, and has not presented any evidence suggesting her conditions meet or equal it in her filings to this Court. Specifically, she has not cited any evidence suggesting nerve root compression with motor loss accompanied by sensory or reflex loss as evidenced by criteria set forth in 1.04A, spinal arachnoiditis confirmed by medical evidence as set forth in 1.04B, or, again, any evidence that she is unable to ambulate effectively as required by 1.04C.

As with the previous listings, Plaintiff does not even attempt to point the Court to any record evidence raising a substantial question of whether she meets Listing 5.06.  Nor did she raise any arguments or present any evidence related to Listing 5.06 before the ALJ.  Moreover, an independent review of the record by this Court does not provide Plaintiff with relief.  While the record does contain evidence related to Plaintiff's ulcerative colitis, diarrhea, and

constipation, there is no evidence of any endoscopy, biopsy, or other appropriate medically accepted imaging or operative findings that suggest a condition meeting or equaling Listing 5.06. Specifically, under 5.06(a) the record contains no evidence of any obstruction of Plaintiff's stenotic areas that required hospitalization for intestinal decompression or surgery on at least two occasions. Under 5.06(b), the record does not raise a substantial question that Plaintiff experienced two of the six listed conditions in the same, consecutive six-month period.

Finally, the ALJ did not err in failing to discuss Listing 9.00. As explained by the magistrate judge, by its own terms there is no way to meet Listing 9.00 since endocrine disorders listed in that section are evaluated based on the complications caused to particular body systems.

**B.**

In her second objection, Plaintiff argues that the magistrate judge erred in conducting her own "post hoc" analysis of the record and substituting her analysis for the ALJ's. This objection is also without merit. Plaintiff's objection misconstrues the report and recommendation. In the report, the magistrate is not engaged in impermissible post hoc analysis, but has merely set forth the challenged listings to illustrate how the record has not raised "a substantial question as to whether the claimant could qualify as disabled under a listing[.]" *Sheeks,* 544 Fed. App'x 639, (quoting *Abbott,* 905 F.2d at 925).

**II.**

Accordingly, it is **ORDERED** that Plaintiff Kohl's objections, ECF No. 22, are **OVERRULED**.

It is further **ORDERED** that the report and recommendation, ECF No. 21, is **ADOPTED**.

It is further **ORDERED** that Plaintiff Kohl's motion for summary judgment, ECF No. 13, is **DENIED**.

It is further **ORDERED** that Defendant Commissioner's motion for summary judgment, ECF No. 18, is **GRANTED**.

It is further **ORDERED** that the Commissioner's decision is **AFFIRMED**.

        s/Thomas L. Ludington
        THOMAS L. LUDINGTON
        United States District Judge

Dated: August 30, 2016

---

PROOF OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 30, 2016.

        s/Michael A. Sian
        MICHAEL A. SIAN, Case Manager